UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. MINOR<br>CDCR # J-99820,<br><br>                                        Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                                        Defendants. | Case No.:  3:16-cv-1927-AJB-NLS<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1)  FOR FAILURE TO PAY FILING FEES AND/OR MOVE TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**2)  AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

DAVID M. MINOR ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

///

## II.     Initial Screening per 28 U.S.C. § 1915A(b)

Even if Plaintiff paid the filing fee or were granted leave to proceed IFP, however, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted).

Plaintiff's allegations are far from clear, but those that are clearly qualify as frivolous under § 1915A(b)(1). For example, Plaintiff claims that the State of California and several RJD officials have engaged in "unfair labor practices," violated unidentified provisions of the Uniform Commercial Code, have "collective[ly] bargained in the criminal context," and have committed a "possibl[e]" but unspecified "act of anarchy" against him even though "there is no doubt in [his] mind that [he] ha[s] been tested in cognitive thinking and telekinesis." *See* Compl. (ECF No. 1 at 6-7.) Plaintiff further contends that "Republicans ha[ve] descended into a bitter exchange with [his] attorney, Hillary Clinton," and that these "outright unethical practice[s]" could result in "unpleasant litigation … that poses a much greater threat to Colin Powell." (*Id.* at 7.)

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact....[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading is "factual[ly] frivolous[ ]" under § 1915A(b)(1) if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual

allegations," *Neitzke*, 490 U.S. at 327, to determine whether they are " 'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 325-28).

Applying these standards to the allegations in Plaintiff's Complaint, the Court finds it must sua sponte dismiss his pleading in its entirety as both legally and factually frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Nordstrom*, 762 F.3d at 920 n.1.

**III. Conclusion and Order**

For the reasons explained, the Court:

(1)     **DISMISSES** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)     **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); and

(3)     **DENIES** leave to amend as futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

The Clerk may close the file.

**IT IS SO ORDERED.**

Dated:  September 8, 2016

Hon. Anthony J. Battaglia
United States District Judge